IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA RASARIO OROSCO, #14231-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv585<br>CRIMINAL ACTION NO. 4:07cr42(6) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Maria Rasario Orosco, a prisoner confined at the Federal Correctional Institution in Waseca, Minnesota, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On December 19, 2007, after pleading guilty, the Court sentenced Movant to 240 months of imprisonment for conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of 18 U.S.C. § 846. Movant did not file a direct appeal.

Movant filed the present motion on September 10, 2012. In her motion, Movant complains that trial counsel was ineffective for failing to file an appeal. She also cites to two Supreme Court cases, stating, "retroactive application of case on collateral review." Respondent filed a Response, asserting that the motion is time-barred, and that Movant is not entitled to equitable tolling.

1

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, Movant was sentenced on December 19, 2007, and a notice of appeal was due ten days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 on January 2, 2008. *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1] *United States v. Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d). The present § 2255 motion had to be filed within one year from the date on which the judgment became final; thus, Movant had until January 2, 2009, in which to file the motion. It was not filed until September 6, 2012. The present § 2255 motion was filed three years, eight months and four days beyond the limitations period.

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on June 26, 2007, the Fifth Circuit dismissed the case for want of prosecution. *See* No. 05-11169 (5th Cir.).

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare

3

and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Movant has presented nothing to show entitlement to equitable tolling. She has not shown "rare and exceptional circumstances" as required. *Davis*, 158 F.3d at 811. She has also failed to show due diligence. *Mathis*, 616 F.3d at 474. Furthermore, this Court finds that Movant is not entitled to any relief based on what it presumes is an assertion by Movant that new Supreme Court cases from 2012 apply to her case. She has provided nothing but the cite to the cases – *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 123 S. Ct. 1376 (2012). A review of these cases show that they concern ineffective assistance of counsel at the plea bargaining stage. However, Movant has failed to present any allegations or facts to give the Court an idea as to how she believes these cases could apply to her case. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Movant has presented nothing to show that the Supreme Court cases cited apply to her case; thus they cannot be used to re-start the limitations period. She filed the § 2255 motion 1343 days beyond the limitations period, and she has provided nothing in support of equitable tolling. Accordingly, Movant's motion should be denied and the case dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Movant is entitled to a certificate of appealability. *See*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to the stated is claims.

## Recommendation

It is recommended that the above-styled motion for relief under 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 9th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE